Gina Brasher LANGLEY, Plaintiff,

v.

The UNITED STATES, Defendant.

No. 16–206C

United States Court of Federal Claims.

(Filed: August 12, 2016)

ORDER

PATRICIA E. CAMPBELL–SMITH, Chief Judge

On August 8, 2016, defendant filed a motion for clarification, explaining that contrary to plaintiff's representation, no notice of deficiency issued. Throughout proceedings before the United States Tax Court and the Supreme Court of the United States, Ms. Langley repeatedly asserted that the IRS erred in failing to timely provide her with a 2011 notice of determination, which was ostensibly provided to her during her case before the United States Tax Court in 2014, and that various letters between herself and the IRS essentially should constitute constructive notice of a deficiency or a notice of determination. See Order of Dismissal 3 (T.C. Nov. 12, 2014); Compl. App. A, 5–7, ECF. No. 1.

The full agency record of Ms. Langley's correspondence between herself and the IRS was not filed as evidence in this case.[1] On review of what was before it, the court found that it lacked jurisdiction over Ms. Langley's claims and dismissed her complaint on August 1, 2016.

In the motion for clarification, defendant's counsel states that "[t]here is no indication in the IRS's files forwarded to [him] that any notice of deficiency was issued to plaintiff for any year noted in the Court's decision." Def.'s Mot. for Clarification 3 n.2. Although individuals often receive a notice of deficiency prior to receiving a notice of a proposed levy, see Oropeza v. Commissioner, T.C. Memo. 2008–94, 2008 WL 1722003 at *1 (2008), Ms. Langley apparently did not re-

ceive such notice prior to receiving notice concerning the proposed levy to collect from her unpaid federal income taxes for the years 2006, 2008, 2009, and 2010. See Langley v. Commisioner of Internal Revenue, 2015 WL 392980, at *2 (Jan. 13, 2015). Thus, defendant asks the court to dismiss plaintiff's complaint on bases other than that involving a notice of deficiency, specifically on the grounds that: (1) plaintiff's 2004 tax year claim is time-barred; and (2) plaintiff failed to state a claim for tax years 2009, 2011, 2012, 2013. Def.'s Mot for Clarification 3–4.

Defendant's motion shall be **FILED BY LEAVE OF COURT** and **GRANTED**. To address matters raised in defendant's motion for clarification, the court directs the clerk of court to **VACATE** its Judgment, issued on August 1, 2016, ECF No. 21, and to **WITHDRAW** the court's Opinion and Order issued on August 1, 2016, ECF. No. 20.

On or before **Friday, September 9, 2016,** plaintiff may file a response.

**IT IS SO ORDERED.**

---

1.  Ms. Langley provided hundreds of pages in her attempt to provide a clear picture of how her various claims led to her case before the court.

However, the order, numbering, comments, and redactions of the attachments frustrated the court's full review of her case.